IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON MORANT, | : | |
|     Petitioner | : | No. 1:21-cv-01105 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| WARDEN R. THOMPSON, | : | |
|     Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241 in which Petitioner Brandon Morant ("Morant") challenges a prison disciplinary sanction imposed by the United States Bureau of Prisons ("BOP") that resulted in the loss of twenty-seven days of good conduct time. The Court will deny the petition with prejudice.

**I.      BACKGROUND**

Morant is serving a 168-month term of imprisonment imposed by this district court for distribution and possession with intent to distribute 100 grams or more of heroin.  See (Doc. No. 7-2 at 1); United States v. Morant, No. 1:16-cr-00004 (M.D. Pa. Feb. 23, 2017) (Conner, C.J.). His current projected release date with good conduct time is January 13, 2028.  (Doc. No. 7-2 at 1.)  He has been incarcerated in the Low Security Correctional Institution in Allenwood, Pennsylvania ("LSCI-Allenwood") since January 7, 2019.  (Id.)

On July 20, 2020, a staff member at LSCI-Allenwood discovered that Morant had not provided correct contact information for a phone number on his phone list with area code 773. (Id. at 3.)  Morant listed the contact information for the phone number as Mike Moeant.  (Id.) The same number was listed on multiple other inmates' phone lists at LSCI-Allenwood, all of which provided different contact names associated with the number.  (Id.)  The staff member issued incident report 3417292 later that day, charging Morant with the prohibited act of phone

abuse-disrupt monitoring in violation of BOP disciplinary code 297 based on the incorrect contact information. (Id.)

Incident report 3417292 was referred to a Disciplinary Hearing Officer ("DHO") for purposes of conducting a disciplinary hearing. (Id.) Morant was given advanced written notice of the charges against him on July 20, 2020 at 1:19 p.m. (Id. at 8.) Prison staff advised him that he had the right to a staff representative during the hearing, that he had the right to call witnesses, and that he had the right to present documentary evidence. (Id. at 2.) He signed a written statement acknowledging that he had these rights and that he had been advised of that fact. (Id. at 2, 6.) Morant waived his right to a staff representative and to call witnesses. (Id. at 7.)

The DHO conducted a disciplinary hearing on July 30, 2020. (Id. at 2.) During the hearing, Morant stated that the phone number belonged to his former cellmate, but then stated that his former cellmate was not named Mike Moeant. (Id. at 8, 10.) Morant did not provide any documentary evidence for the DHO's consideration, nor did he cite any procedural issues during the hearing. (Id. at 8.) The DHO considered phone records indicating that the relevant phone number belonged to "Touma Mikhail" at an address in Illinois. (Id. at 10.) Morant's contact list indicated that the number belonged to Mike Moeant in Lancaster, Pennsylvania. (Id.) Given that Morant and several other inmates had provided different and incorrect contact information for the same phone number, the DHO concluded that the inmates were attempting to conceal the identity of the individual associated with the phone number. (Id.) The DHO accordingly found that Morant had committed the prohibited act of phone abuse-disrupt monitoring. (Id. at 2, 9-10.) The DHO sanctioned Morant with three months' loss of phone and commissary privileges and twenty-seven days of lost good conduct time. (Id. at 11.) Morant unsuccessfully appealed the decision through all stages of the BOP's disciplinary remedy program. (Doc. No. 1 at 2-3.)

Morant filed the instant petition on June 17, 2021, and the Court received and docketed the petition on June 23, 2021.  (Id. at 9.)  Morant raises four arguments for habeas corpus relief.  First, he asserts that he did not commit the alleged prohibited act because the relevant phone number was on his contact list and he did not conceal the fact that he was calling that number.  (Id. at 6-7.)  Second, Morant argues that to commit the prohibited act of phone abuse-disrupt monitoring, he would have had to use another inmate's personal identification number or account, make a three-way call, use a cellphone, use a third-party calling or billing service, or use call forwarding.  (Id. at 7.)  Third, Morant argues that the DHO has shown favoritism towards white inmates and is biased against African American inmates.  (Id.)  Fourth, Morant argues that the DHO denied him his due process rights conducting the disciplinary hearing.  (Id. at 8.)  Morant seeks expungement of the disciplinary sanction and restoration of the good conduct time.  (Id.)

Respondent responded to the petition on July 27, 2021.  (Doc. No. 7.)  Respondent argues that the petition should be denied because Morant was given all necessary due process protections and because the DHO's decision was supported by sufficient evidence.  (Id.)  Morant filed a reply brief in support of the petition on August 16, 2021, making the petition ripe for review.  (Doc. No. 8.)

## II.     DISCUSSION

Federal prisoners serving a sentence of imprisonment of more than one year have a constitutionally protected liberty interest in good conduct time.  See Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).  To protect this interest, prisoners must be afforded procedural due process protections when they are accused of misconduct that may result in the loss of good conduct time, including: (1) the right to appear before an impartial decision-making body; (2)

twenty-four hour advance written notice of the disciplinary charges against them; (3) an opportunity to call witnesses and present documentary evidence when it is consistent with institutional safety and correctional goals to do so; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action.  See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

When reviewing the sufficiency of the evidence in a prison disciplinary proceeding, the Court must determine whether there is "any evidence in the record that could support the conclusion" reached by the hearing examiner.  See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992).  If there is "some evidence" to support the decision, the Court must reject any evidentiary challenges by the petitioner.  See Hill, 472 U.S. at 457.  This standard is minimal and does not require examination of the entire record, an independent analysis of the credibility of the witnesses, or even a weighing of the evidence. See Thompson v. Owens, 899 F.2d 500, 501-02 (3d Cir. 1989).

Morant's first two claims for habeas corpus relief assert that the evidence presented to the DHO was not sufficient to find that Morant committed the prohibited act. (Doc. No. 1 at 6-7.) The Court disagrees.  As the DHO's report indicates, Morant's contact list provided incorrect information for the relevant phone number, and several other inmates had provided incorrect contact information for the same number, which the DHO concluded was a likely attempt to hide the identity of the individual associated with the phone number.  See (Doc. No. 7-2 at 8-10). Thus, there is clearly "some evidence" to support the DHO's conclusion that Morant committed the prohibited act, and therefore his first two claims fail.  See Hill, 472 U.S. at 457.  Notably, this Court previously considered a habeas corpus petition brought by another one of the inmates who

4

provided incorrect contact information for the same phone number as Morant and raised essentially the same sufficiency of evidence arguments as Morant, and the Court concluded that the DHO's decision to impose disciplinary sanctions was "clearly supported by 'some evidence.'"  See Cheadle v. Thompson, No. 1:21-cv-00480, 2021 WL 2660795, at *5 (M.D. Pa. June 29, 2021) (Kane, J.) (quoting Denny, 708 F.3d at 145).  The Court reaches the same conclusion that it reached in Cheadle and rejects Morant's sufficiency of evidence arguments.

Morant's third claim for relief is that the DHO showed favoritism towards white inmates and was biased against African American inmates.  (Doc. No. 1 at 7.)  He notes that he and the other inmates who were listed as providing incorrect contact information for the relevant phone number were all African American and that white inmates who also misidentified phone numbers were not disciplined.  (Id.)

The Court will deny this claim.  Morant asserts that white inmates who also misidentified phone numbers were not disciplined, but he does not assert that they provided incorrect contact information for the same phone number as Morant.  This distinction is material, as the DHO found that several inmates providing incorrect contact information for the same phone number indicated an attempt by the inmates to conceal the identity of the individual associated with the phone number.  (Doc. No. 7-2 at 10.)  Thus, Morant has failed to allege that any similarly situated white inmates were treated differently from him.  Morant's bare allegations of bias by the DHO also fail, as he has not identified any evidence of bias by the DHO.  See, e.g., Cheadle, 2021 WL 2660795, at *3 (finding that petitioner's conclusory allegation that DHO was biased was insufficient to obtain habeas corpus relief).

Morant's fourth claim asserts that he was denied due process by not being allowed to present witnesses or documentary evidence.  (Doc. No. 1 at 8.)  The record of the DHO

proceedings belies this claim.  The record reflects that Morant was advised of his right to call witnesses and present documentary evidence but that he waived the right to call witnesses and chose not to present documentary evidence.  (Doc. No. 7-2 at 2, 6-8.)  The record also reflects that Morant was provided advance written notice of the disciplinary charges against him and a written decision by the DHO explaining the disciplinary sanction.  See (Doc. No. 7-2.)  Accordingly, the Court concludes that the DHO proceedings complied with necessary procedural due process protections.  See Wolff, 418 U.S. at 563-67.

Finally, Morant argues in his reply brief that the DHO's decision was arbitrary, capricious, and an abuse of discretion and that the regulation under which he was disciplined is unconstitutionally vague.  (Doc. No. 8 at 3-4.)  The Court will not discuss these arguments because they were raised for the first time in a reply brief.  See, e.g., Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC, No. 1:21-cv-00658, 2021 WL 1740582, at *4 (M.D. Pa. May 3, 2021) (citing Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown, 328 F. Supp. 2d 522, 529 (M.D. Pa. 2004)).

### III.   CONCLUSION

For the foregoing reasons, Morant's petition for writ of habeas corpus will be denied with prejudice.  An appropriate Order follows.

                                                s/ Yvette Kane
                                                Yvette Kane, District Judge
                                                United States District Court
                                                Middle District of Pennsylvania